IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BAHIA SALINAS BEACH HOTEL, INC. | |
| Plaintiff | CIVIL 16-2992CCC |
| vs | |
| ECONOMIC DEVELOPMENT BANK; JOEY CANCEL PLANAS, JANE DOE and their conjugal partnership; KRISTINA VIVONI-GIROD, JOHN DOE and their conjugal partnership; INSURANCE COMPANY ABC; CORPORATION DEF | |
| Defendants | |

**OPINION AND ORDER**

This is a civil rights action under 42 U.S.C. § 1983 brought by plaintiff Bahia Salinas Beach Hotel, Inc. (Bahia) against the Economic Development Bank (EDB), two of its officers, Joey Cancel Planas (Cancel) and Kristina Vivoni Girod (Vivoni), and their respective conjugal partnerships. Plaintiff avers that defendants, knowing that its shares had been acquired by the Fundación Hispanoamericana de Autismo, Inc., moved the Superior Court of Puerto Rico, Mayagüez Part, to allow the public sale of a property it owned without first notifying it of said sale in violation of its due process rights under the Fifth and Fourteenth Amendments. Before the Court now is a Motion to Dismiss filed by EDB and its two officers on December 23, 2016 (**d.e. 14**) and plaintiff's Opposition filed on January 11, 2017 (d.e. 17).

The essential facts, as gleaned from the complaint's muddled allegations, follow. Plaintiff Bahia is a corporation organized under the laws of Puerto Rico. It owned a hotel that it can be inferred had been the object of a foreclosure

CIVIL 16-2992CCC

judgment.    While Bahia is now wholly owned by the Fundación Hispanoamericana de Autismo (Fundación), when the hotel was foreclosed it apparently had other owners.  It appears that at some point in 2011, Fundación proposed to the EDB to run the hotel and provide free services there to children with autism.  The EDB required Fundación to meet with Bahia's then owners in order for it to acquire their shares.  Fundación obtained the shares of Bahia on June 9, 2015, and invested substantial sums in improving the hotel and its grounds.  It paid up the remainder of the debt to Bahia's former owners on March 30, 2016.  On that same date, the hotel was auctioned in a public sale which was not notified either to Bahia's prior owners or to Fundación.  The only notice sent to Bahia's former owners was allegedly mailed to an incorrect address.  Following the judicial sale, the EDB obtained title to the property. Bahia now seeks to "enjoin the Economic Development Bank from enforcing its judgment, obtained without the Court's jurisdiction and in violation of the Fifth and Fourteenth Amendments of the United States Constitution." Complaint (d.e. 1), at ¶ 34, pp. 7-8.

Defendants EDB, Cancel and Vivoni have moved for dismissal under both Fed. R. Civ. P. 12(b)(1) and (6).  They ask that the complaint be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine, and for failure to state a claim on various grounds.  As we find that the Rooker-Feldman doctrine is clearly applicable, we GRANT their request for dismissal under Fed. R. Civ. P. 12(b)(1).

"A motion to dismiss an action under Rule 12(b)(1) . . . raises the fundamental question whether the federal district court has subject matter

jurisdiction over the action before it." United States v. Lahey Clinic Hosp., Inc., 399 F.3d 1, 8 n. 6 (1st Cir. 2005) (citation omitted).  A jurisdictional challenge can be launched in either of two formats: facial or factual.  Defendants here have opted for the latter, as they have "controvert[ed] the accuracy (rather than the sufficiency) of the jurisdictional facts asserted by the plaintiff and proffer[ed] materials of evidentiary quality in support of that position." Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).  In support of their dismissal request under the Rooker-Feldman doctrine, defendants have submitted two central documents which serve to supplement the complaint's allegations for purpose of their jurisdictional challenge.  The first such document is a Settlement Agreement and Request for Partial Judgment filed in 2009 in the foreclosure action then pending before the Court of First Instance of the Commonwealth, Mayagüez Part, pursuant to which plaintiff Bahia and its then owners agreed to settle EDB's foreclosure action against it by agreeing to pay 12 monthly installment payments from November 2009 until October 2010 and two final payments on November 25, 2010, plus a sum of $2,000.00 to cover expenses, costs and attorney's fees.  Bahia also agreed as part of that settlement that "in the event [it] breach[ed] any of [its] terms and conditions, [EDB could request] . . . the corresponding order of execution of judgment, without further notification to any party" (see d.e. 14-7, p. 4, paragraph 5).  The second document is the Judgment issued by the Court of First Instance, Mayagüez Part, on January 19, 2010 (d.e. 14-6) through which Superior Court Judge Giselle Romero García approved the settlement agreement referenced above that had been submitted by the parties and expressly advised them that

any failure to comply with the obligations agreed therein would "give rise to the measures and proceedings also agreed upon in the event of breach of the agreements . . ." (see d.e. 14-6, p. 1).

It is axiomatic that the Rooker-Feldman doctrine precludes federal jurisdiction over a challenge to a state court judgment to which the challenger was a party.  Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 68 (1st Cir. 2008).  Federal courts' application of the Rooker–Feldman doctrine "does not depend on what issues were actually litigated in the state court." Maymo Melendez v. Alvarez Ramirez, 364 F.3d 27, 33 (1st Cir. 2004).  Rather, Rooker–Feldman bars jurisdiction whenever "parties who lost in state court . . . seek[] review and rejection of that judgment in federal court."  Puerto Ricans for P.R. Party, 544 F.3d at 68 (internal quotation marks omitted).

Here, it appears evident that plaintiff's federal action is an effort to do an end run around the state court's judgment.  Bahia, in fact, plainly avers so, by pleading as a remedy that "this Court enjoin the Economic Development Bank from enforcing its judgment, obtained without the Court's jurisdiction . . ." Complaint, at p. 7, paragraph 34.  As noted above, the Commonwealth court entered a judgment on January 19, 2010 in a foreclosure action brought by EDB against Bahia and others pursuant to a settlement agreement reached by the parties through which Bahia agreed to pay EDB the amounts it owed on a mortgage loan.  The parties' settlement agreement approved by and incorporated in said judgment further provided that Bahia and its then owners' failure to comply with the stipulated payment schedule would allow plaintiff to request execution of the judgment "without further notification to any party."

Once Bahia failed to make the payments as agreed, EDB then moved to execute the judgment through the sale at public auction of the real property that guaranteed the mortgage loan.  This public sale, thus, was not required to be notified to the parties as specifically agreed in their settlement stipulation approved and adopted by the local court in its judgment.  Plaintiff Bahia, however, now claims in this federal action that the sale of its mortgaged property without the notice required by the Puerto Rico Rules of Civil Procedure violated the Due Process Clause of the Fifth and Fourteenth Amendments.

As "federal litigation [was] initiated after state proceedings have ended, and the plaintiff implicitly or explicitly seek[s] review and rejection of [the state] judgment, then [its] federal suit seeking an opposite result is an impermissible attempt to appeal the state judgment to the lower federal courts, and, under Rooker-Feldman, [we] lack jurisdiction." Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 24 (1st Cir. 2005) (citations omitted).  Given that Bahia's federal constitutional claim depends on factual issues inextricably intertwined with the state court judicial proceeding, where it waived further notice of the execution proceedings on the judgment entered against it, we are in essence being called upon to review the state court decision. That we may not do.  See Ash v. Redevelopment Authority of Philadelphia, 143 Fed.Appx. 439, *2 (3rd Cir. 2005).

Accordingly, and for the foregoing reasons, the Motion to Dismiss filed by EDB, Cancel and Vivoni on December 23, 2016 (**d.e. 14**) is GRANTED.

Plaintiff's claims relating to the alleged lack of notice of the public sale are DISMISSED without prejudice of being replead in the state court.  Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on September 29, 2017.

S/CARMEN CONSUELO CEREZO
United States District Judge